

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00085-CR

JEREMIAH HARRIS SPENCER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR11397

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Jeremiah Harris Spencer appeals the revocation of his deferred adjudication community supervision.[1]  On October 12, 2010, Spencer pled guilty to theft in an amount greater than $20,000.00 but less than $100,000.00 and was placed on ten years' deferred adjudication community supervision.  *See* TEX. PENAL CODE ANN. § 12.34 (West 2011), § 31.03 (West Supp. 2012).  On January 8, 2013, the State filed a motion to proceed to adjudication.  In its first amended motion, the State alleged Spencer violated the terms of his community supervision by committing theft.  On March 4, 2013, the trial court proceeded to adjudication, found Spencer guilty, and sentenced Spencer to ten years' imprisonment with a $2,523.00 fine.

Spencer's attorney on appeal has filed a brief which states that he has reviewed the record and has found no issues that he believes were reversible error that could be raised.  The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Spencer on May 28, 2013, informing Spencer of his right to file a pro se response and to review the record.  Counsel has also filed a motion with this

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

Court seeking to withdraw as counsel in this appeal. Spencer has neither filed a pro se response, nor has he requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]

<br>

Bailey C. Moseley
Justice

Date Submitted: August 6, 2013
Date Decided: August 7, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.